IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HELEN KATZ,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER EAJA<br><br><br>Case No. 2:03-CV-1066 TS |

This matter is before the Court on Plaintiff's Application for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA). In this Social Security case, because Plaintiff obtained a "sentence four"[1] remand, she is "a prevailing party for the purposes of EAJA."[2]

---

[1] A remand under the fourth sentence of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 296-97 (1993) (explaining that "in cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g).").

[2] *Hackett v. Barnhart*, __ F.3d __, 2006 WL 3365374 (10th Cir. 2006).

In order to obtain attorney fees under the EAJA, the prevailing party must apply for fees "within thirty days of final judgment in the action."[3]

Defendant opposes Plaintiff's counsel's application for attorney fees under the EAJA solely on the grounds that it was not filed within the 30-day window.  Thus, the only issue before the Court is whether the EAJA fee application was timely filed.  The relevant facts are simple:  On April 27, 2006, the Court issued its Memorandum Decision and Order Remanding Case.[4]  The same day, the clerk of court entered a separate judgment remanding the case (Judgment).[5]

"An EAJA application may be filed until 30 days after a judgment becomes 'not appealable' -*i.e.*, 30 days after the time for appeal has ended."[6]  Because Defendant is an agency of the United States, the time for filing an appeal was 60 days.[7]  The 60-day period for filing an appeal ended on June 27, 2006.  Plaintiff then had 30 days from that date, namely to July 27, 2006, to file his application for attorney fees under EAJA.  The application was not filed until August 28, 2006.  The Court finds that the filing was not timely under EAJA.

---

[3] 28 U.S.C. § 2412(d)(1)(B).

[4] Docket No. 34.

[5] Docket No. 35.

[6] *Schaefer*, 509 U.S. at 302 (citing 28 U.S.C. §2412(d)(1)(B), (d)(2)(G)).

[7] *Id.*; *see* Fed. R. App. P. 4(a)(1)(B) (60 days to file an appeal when United States, its officer, or its agency is a party).

Defendant argues that the failure to timely file a fee application under the EAJA deprives the Court of subject matter jurisdiction.[8] However, in *Scarborough v. Principi*,[9] the Supreme Court recently clarified that the issue of whether an applicant is time-barred by the EAJA's 30-day deadline for fee applications "does not concern the federal courts' jurisdiction."[10] Instead it is a strict "time prescription" in a "claim processing rule."[11]

In any event, in the present case, Plaintiff failed to file a timely application for attorney fees under EAJA. It is therefore

ORDERED that Plaintiff's Application for Attorney Fees under EAJA (Docket No. 36) is DENIED.

DATED  December 8, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8] Def.'s Response at 3.

[9] 541 U.S. 401 (2004).

[10] *Id*. at 413.

[11] *Id.* at 413-14 and 423 (holding that a "timely filed EAJA fee application may be amended, out of time, to alleged 'that the position of the United States was not substantially justified'.").